UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL MASON,

        Plaintiff,

        v.                        Case No. 16-CV-863

KENOSHA COUNTY CHILD SUPPORT
and RACINE COUNTY CHILD SUPPORT

        Defendant.

## ORDER

On July 5, 2016, plaintiff Darnell Mason filed this pro se lawsuit against Racine and Kenosha County Child Support agencies, alleging that they both violated his rights in connection with his child support obligations. (ECF No. 1.) As the basis for this court's jurisdiction, Mason's complaint states that he is suing for a violation of federal law under 28 U.S.C. § 1331. He asked the court to allow him to proceed without prepayment of a filing fee. (ECF Nos. 1, 2.)

On July 14, 2016, Judge Charles N. Clevert Jr. granted Mason's motion to proceed without prepaying the filing fee. (ECF No. 6.) However, in his order Judge Clevert stated that Mason's complaint "does not persuade the court that subject matter

jurisdiction exists over this case." He ordered Mason to file an amended complaint by August 15, 2016, "asserting facts (not conclusions) as to how his due process rights were violated." (ECF No. 6 at 4.)

The case was subsequently reassigned to this court on August 16, 2016, upon consent of all parties. On August 17, 2016, Mason filed a document that states, "To whom it may concern: I am submitting the following case law as my new statement of claim as directed by the judge." (ECF No. 14.) The document lists eight cases, some with citations and others without.

Mason has not set forth facts establishing that this court has subject matter jurisdiction over his case. Federal courts may only decide cases and controversies that arise under either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Mason has not alleged complete diversity of citizenship amongst the parties and therefore cannot proceed under this court's diversity jurisdiction. As for this court's federal question jurisdiction, Mason has only stated that his case involves "due process of law." His allegations that he was arrested and jailed as a result of attending a child support hearing do not, by themselves, indicate that there were any unfair proceedings that were conducted in violation of his constitutional rights.

As ordered by Judge Clevert, Mason was required to file an amended complaint setting forth facts that plausibly establish that this court has subject matter jurisdiction over this case. Instead of bolstering his factual allegations, Mason provided cases to the

2

court which seemingly would support a challenge to whether officers had probable cause to arrest him (*Illinois v. Gates*, 462 U.S. 213 (1983); *Allen v. City of Portland*, 73 F.3d 232 (9th Cir. 1995)) and cases that seemingly would support a challenge to the civil contempt proceedings referenced in his complaint (*United States v. Rylander*, 460 U.S. 752 (1983) ("In a civil contempt proceeding… a defendant may assert a *present* inability to comply with the order in question.")(emphasis in original)). However, without any additional facts, the court cannot determine the nature of Mason's claim. It is therefore not convinced that it has subject matter jurisdiction to hear this case. While "[t]he plaintiff's pro se complaint must be liberally construed… even pro se complaints must provide some factual support for their claims." *Del Marcelle v. State of Wisconsin*, 902 F. Supp. 859, 861 (E.D. Wis. 1995).

**IT IS THEREFORE ORDERED** that the plaintiff's complaint is dismissed with prejudice for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 18th day of August, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge